**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

OMM IMPORTS, INC., a Florida corporation,     Case No. 1:21-cv-20669
d/b/a ZERO GRAVITY

     Plaintiff,
v.

PERFUME COLLECTION TOWSON 2, LLC,
a Maryland limited liability company, and
JAKOB VERED, an individual,

     Defendants.
_____/

## **COMPLAINT**

OMM Imports, Inc. d/b/a Zero Gravity files this lawsuit against Defendants, Perfume Collection Towson 2, LLC, and Jakob Vered, and states:

### **PARTIES, JURISDICTION & VENUE**

1. This Court has original jurisdiction pursuant to Title 28, United States Code, Section 1332, as this case is between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Plaintiff, OMM Imports, Inc. d/b/a Zero Gravity ("OMM"), is a Florida corporation with a principal address in Miami-Dade County, Florida.

3. Defendant, Perfume Collection Towson 2, LLC ("Perfume Collection"), is a Maryland limited liability company a principal address in Howard County, Maryland, and is otherwise *sui juris*.

4. Defendant, Jakob Vered ("Vered," and together with Perfume Collection, the "Defendants"), is an individual believed to be a citizen of and residing in Howard County, Maryland, is over the age of eighteen, and is otherwise *sui juris*.

1

5. Venue is proper in the Southern District of Florida pursuant to Title 28, United States Code, Section 1391(b) because a substantial part of the events giving rise to the claims at issue occurred within this judicial district, and in light of Defendants' breach of an agreement with OMM, which resides in this judicial district. Defendants also agreed that the agreement between the Parties shall be governed exclusively by the laws of the State of Florida, and that the competent courts of Florida shall have the exclusive jurisdiction with respect to any dispute arising out of the agreement.

6. All conditions precedent have been met, waived, or satisfied to bring this lawsuit.

## FACTUAL BACKGROUND

7. OMM was formed as a Florida corporation in 2014, and since then has been focused, *inter alia*, on designing and developing the safest, most effective, and most uniquely designed anti-aging facial products to deliver to consumers across the globe.

8. On November 9, 2016, OMM entered into a Retail Agreement with Perfume Collection, which provided Perfume Collection with a non-exclusive, non-assignable, non-transferable limited right to sell OMM's products, namely, home use skin rejuvenation machines marketed under the Zero Gravity brand (the "Zero Gravity Products"). A copy of the Retail Agreement is attached as Exhibit A.

9. Vered, as Owner of Perfume Collection, executed the Retail Agreement as "Personal Guarantor" and executed a "Personal Guarantee." *See* Ex. A at 1, and Annex B.[1]

10. The Retail Agreement contained provisions prohibiting Defendants from selling the Zero Gravity Products online.

---

[1] The name "Kobi MD" appears throughout the Retail Agreement where Vered's signature and initials are located. OMM prepared the Retail Agreement using Docusign, and "assigned" Vered the name "Kobi MD," as "Kobi" is common nickname for the name Jakob, and "MD" represents that Vered is from Maryland.

11.     For instance, Section 5 of the Retail Agreement, glaringly titled **NO ONLINE SALES**, explicitly prohibits Defendants from "offering, marketing and/or making any online sales as further described in the undertaking attached hereto as Annex A."

12.     Annex A to the Retail Agreement, glaringly titled **UNDERTAKING RE ONLINE SALES PROHIBITION**, explicitly prohibited Defendants from "making any sale, market, advertisement, or otherwise transfer, directly or indirectly, of any of OMM's products via online sources (including without limitation any on-line store, groupon, Amazon or such) or via B2B to other retailers or any third party whatsoever." *See* Ex. A at Annex A.

13.     The penalty for breaching these provisions, which provisions are vital to OMM's business, is clearly stated therein as follows:

> Any breach of this undertaking will cause OMM irreparable harm for which monetary damages may be an insufficient remedy. Accordingly, it is agreed that in the event of a failure to fully comply with this undertaking I shall immediately pay OMM the sum of USD 100,000 ([One] Hundred Thousand Dollars) which constitutes a reasonable compensation under the circumstances hereof, and all without derogating from any other right or remedy available to OMM under the Agreement and/or any law. This undertaking shall survive the expiration or termination for any reason of this Agreement and shall remain in full force and effect for the maximum period permitted by applicable law.

*See* Ex. A at Annex A.

14.     Pursuant to Section 16 of the Retail Agreement, titled **INDEMNIFICATION**, Defendants, with Vered as Personal Guarantor, agreed to reimburse all "reasonable attorneys' fees and expenses arising out of or relating to this Agreement and the rights granted hereunder."

15.     On the same day they executed the Retail Agreement, Defendants also executed a New Customer Form, which, amongst other things, contained a verification, signed by Vered, which provided, "[c]ustomer is committed not to sell the product at retail price under $700, in case company will learn that a product was sold for under $700 customer will have to return all products

in his inventory to company facility in not more than 24 hours, legal action for damages will follow customer breach" (the "New Customer Form Agreement"). A copy of the New Customer Form Agreement is attached as Exhibit B.

16.     In sum, Perfume Collection, with Vered as Personal Guarantor, explicitly agreed as a material term to the Retail Agreement that they would not sell Zero Gravity Products online, and would not sell the products below $700. Defendants also explicitly agreed that if they breached these provisions, they would pay OMM $100,000 as reasonable compensation along with OMM's attorneys' fees and expenses.

17.     These prohibitions against online sales and selling for under $700 are critical to OMM's business, as they prevent parties from undercutting OMM's retail customers and flooding the market with cheaper pricing. If left unaddressed, this would cause massive and irreparable price erosion, reputational damage, and customer loss.

18.     It has recently come to OMM's attention that Defendants have clearly breached the Retail Agreement and New Customer Form Agreement by, *at a minimum*, selling the Zero Gravity Products on eBay.com, and for less than $700.

19.     As shown in the images below, an eBay seller by the name of "jakobvered" (*i.e.* Defendant Jakob Vered) from Ellicott City, Maryland, has sold *at least* 11 Zero Gravity products, and is in the process of selling at least three more, all for well under $700:

20.     As a result of Defendants' contractual breaches, OMM has been required to retain the undersigned counsel to pursue its interests in this matter, and is obligated to pay the undersigned a reasonable attorneys' fee for their services, and to reimburse the undersigned for any costs incurred in connection with said representation.

**COUNT I – BREACH OF CONTRACT**
(Against Perfume Collection)

21.     OMM realleges and reavers Paragraphs 1 – 20 as if fully set forth herein.

22.     OMM and Perfume Collection entered into valid agreements, namely, the Retail Agreement and New Customer Form Agreement.

23. OMM fully performed under both Agreements.

24. Perfume Collection has breached the Retail Agreement by, at a minimum, selling the Zero Gravity Products online via eBay.

25. Perfume Collection has breached the New Customer Form Agreement by selling the Zero Gravity Products for less than $700.

26. OMM has been monetarily damaged by Perfume Collection's breaches.

27. Moreover, Perfume Collection's refusal to honor its agreement not to sell the Zero Gravity Products online and not for less than $700 has caused, and will continue to cause, irreparable harm.

28. Each day that Perfume Collection is allowed to sell online and for less than $700 causes irreparable injury.

29. OMM has no adequate remedy at law due to the irreparable nature of price erosion and the reputational and customer loss that is occurring and/or will occur due to Perfume Collection's actions.

30. In light of Perfume Collection's clear breaches, there is a substantial likelihood that OMM will succeed on the merits of this case.

## COUNT II – BREACH OF CONTRACT
(Against Vered)

31. OMM realleges and reavers Paragraphs 1 – 20 as if fully set forth herein.

32. OMM and Perfume Collection, with Vered as Personal Guarantor, entered into valid agreements, namely, the Retail Agreement and New Customer Form Agreement.

33. Vered agreed to be personally responsible for satisfying all obligations of Perfume Collection.

34. OMM fully performed under both Agreements.

35. Vered has breached the Retail Agreement by, at a minimum, selling the Zero Gravity Products online via eBay.

36. Vered has breached the New Customer Form Agreement by selling the Zero Gravity Products for less than $700.

37. OMM has been monetarily damaged by Vered's breaches.

38. Moreover, Vered's refusal to honor his agreement not to sell the Zero Gravity Products online and not for less than $700 has caused, and will continue to cause, irreparable harm.

39. Each day that Vered is allowed to sell online and for less than $700 causes irreparable injury.

40. OMM has no adequate remedy at law due to the irreparable nature of price erosion and the reputational and customer loss that is occurring and/or will occur due to Vered's actions.

41. In light of Vered's clear breaches, there is a substantial likelihood that OMM will succeed on the merits of this case.

**PRAYER FOR RELIEF**

WHEREFORE, OMM prays for judgment in their favor and against Defendants containing the following provisions:

A. A temporary and permanent injunction enjoining Defendants, and all of those acting in concert with them, including, but not limited to, its agents, affiliates, subsidiaries, officers, directors, attorneys and employees (a) selling the Zero Gravity Products online; (b) selling the Zero Gravity Products for less than $700; and (c) requiring them to file with the Court, and serve upon OMM's counsel, within thirty (30) days after entry of an order or judgment, a report, in writing, and under oath, setting forth, in detail, the manner and form in which Defendants have complied with the requirements

of the injunction and order;

B. An award of damages, including enhanced damages, against Defendants, jointly and severally, in an amount to be proven at trial, including pre- and post-judgment interest;

C. An award of costs of suit, including attorneys' and expert fees, expenses and disbursements, against Defendants, jointly and severally; and

D. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

OMM hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted,

**THE CONCEPT LAW GROUP, P.A.**
6400 N. Andrews Ave., Suite 500
Fort Lauderdale, Florida 33309
Tel: 754.300.1500

By: /s/ Adam S. Goldman
Adam S. Goldman, Esq.
Fla. Bar. No. 86761
agoldman@conceptlaw.com
Alexander D. Brown, Esq.
Fla. Bar No. 752665
abrown@conceptlaw.com

*Counsel for OMM*